FILED

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIAM GARTH BELL,

    **Plaintiff,**

v.                                 **Case No. 8:01-CV-0861-T-27TBM**

AMERICAN MEDICAL RESPONSE,

    **Defendant.**

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
### TO BIFURCATE AND EXCLUDE FINANCIAL EVIDENCE
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(b)

Plaintiff, WILLIAM GARTH BELL (BELL), by and through his undersigned attorney,

files this response to Defendant's, AMERICAN MEDICAL RESPONSE (AMR), Motion in

Limine to Bifurcate and to Exclude Financial Evidence pursuant to Federal Rule of Civil

Procedure 42(b) and states as follows:

### STANDARD FOR BIFURCATION UNDER RULE 42(b)

The purposes of the Rule are to promote judicial economy, convenience and clearer

understanding of the issues for the jury. This Rule should be "resorted to only in the exercise of

informed discretion when the court believes that separation will achieve the purposes of the

rule." *Ayers v. Wal-Mart Stores, Inc.*, 941 F. Supp. 1163 (MD Fla. 1996). AMR will not be

unduly prejudiced if the liability and damage issues are tried together, as the liability portion of

the case is not weak. *Id.* The damages in this case will not overwhelm the jury, as the damage

issues under the Americans with Disability Act (ADA) are economic damages related to loss of

employment opportunities. And, in this case, BELL's disability claim is based on perception



and not any *actual* physical disfigurement that could create an emotional reaction on the part of the jury such that the jury's ability to determine liability is overwhelmed.

Moreover, it is unlikely that the issue of damages will not be reached, as the trial will probably take no more than three days. Furthermore, the issues are not overly complex and, therefore, there would be no convenience, judicial economy or clearer jury understanding of the issues by bifurcating the liability and damage issues in this case.

The exclusion of financial evidence will hinder the jury's ability to determine BELL's economic damages. BELL's economic damages are easily calculated if the financial evidence is presented to the jury. And, it is up to the jury to determine whether or not AMR is subject to punitive damages. Therefore, evidence concerning AMR's financial condition is entirely relevant to the jury's consideration as to whether AMR has intentionally and knowingly interfered with BELL's federally protected rights under the ADA.

## CONCLUSION

BELL respectfully requests that this Court deny AMR's Motion in Limine to Bifurcate and to Exclude Financial Evidence pursuant to Federal Rule of Civil Procedure 42(b) for the reasons set forth above.

Respectfully submitted,

Donna J. Lonsberry, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **Response to Defendant's** Motion in Limine to

Bifurcate and Exclude Financial Evidence Pursuant to Federal Rule of Civil Procedure 42(b) has

been served via U.S. Mail this 2nd day of April, 2003 on MICHAEL J. COLLINS, ESQUIRE, of

Collins & Bellenghi, LLP, 2600 Michelson Drive, Suite 420, Irvine, CA 92612-6593 and by

facsimile to (949) 851-9333.

DONNA J. LONSBERRY, ESQUIRE
Law Offices of Donna J. Lonsberry, P.A.
BayView Tower, Suite 214
100 First Avenue South
St. Petersburg, FL 33701
Phone: (727) 287-1514
Fax:    (727) 287-1614
FBN: 0483915
Trial Counsel for Plaintiff